UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL S. CHAE, et al.,<br><br>    Defendants. | Case No. 17-cv-01162-SVK<br><br>**ORDER DENYING DEFENDANTS' APPLICATION PURSUANT TO CALIFORNIA CIVIL CODE SEC. 55.54 FOR STAY, EARLY EVALUATION CONFERENCE, AND JOINT INSPECTION**<br><br>Re: Dkt. No. 14 |

Plaintiff Scott Johnson brings this action against defendants Michael Chae and Heidi Chae for violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA") and the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51 *et seq.* Before the Court is defendants' request pursuant to California Civil Code § 55.54 to stay the action, schedule an early evaluation conference, and hold a joint inspection. ECF 14. Plaintiff opposes defendants' request. ECF 16. Pursuant to Civil Local Rule 7-1(b), the Court concludes that the issue presented is appropriate for determination without oral argument. Having considered the papers, the Court DENIES defendants' application.

Defendants' application is a form designed to be filed in California state courts in actions brought under California's Construction-Related Accessibility Standards Compliance Act, Cal. Civ. Code §§ 51.51-55.54. Under that Act, a defendant who meets certain requirements may file a request for a court stay and early evaluation conference. Cal. Civ. Code § 51.54(b)(1).

There are several reasons why this California statute does not apply in this case. First, courts in the Ninth Circuit have held that section 55.54(b)'s stay and early evaluation procedures do not apply to ADA claims because the California statute "impose[s] additional procedural hurdles to a plaintiff bringing a claim under the ADA." *See O'Campo v. Chico Mall, LP*, 758 F.

1  Supp. 2d 976, 984-85 (E.D. Cal. 2010); *see also Johnson v. GDRR Properties, LLC*, No. 16-CV-05839-LHK, 2016 U.S. Dist. LEXIS 176156, at *2-3 (N.D. Cal. Dec. 20, 2016) *and cases cited therein*. In addition, the California statute is a state procedural law, which does not govern in the federal courts, even in connection with state law claims. *Johnson*, 2016 U.S. Dist. LEXIS 176156, at *2; *see also Erie R. Co. v. Tompkins*, 304 U.S. 64, 92 (1938). "Under the *Erie* doctrine the Court must follow applicable federal procedural law, which does not provide for a stay and early evaluation conference in these circumstances, but instead provides for a revised schedule pursuant to General Order No. 56 of the Northern District of California." *Johnson*, 2016 U.S. Dist. LEXIS 176156, at *3; *see also* ECF 5 (scheduling order in this case). Defendants have not filed a Motion for Administrative Relief pursuant to Civil Local Rule 7-11, as required if any party "wishes to be relieved of any requirement of [General Order 56] or to adjust the schedule set forth [therein]." N.D. Cal. Gen. Order 56 at ¶ 9. In any event, the scheduling order in this case, which is based on this district's General Order No. 56, already provides for a stay of most discovery and requires the parties to engage in an early site inspection and, if necessary, mediation. *See id.* at ¶¶ 2-4, 7; *see also* ECF 5 (scheduling order).

For these reasons, defendants' request for a stay, early evaluation conference, and joint inspection pursuant to California Civil Code § 55.54 is DENIED. The existing scheduling order (ECF 5) remains in place.

**SO ORDERED.**

Dated: May 19, 2017

_____
SUSAN VAN KEULEN
United States Magistrate Judge